NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE MARTINEZ-FIGUEROA, AKA Jose Martines,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-72618

Agency No. A070-640-855

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Jose Martinez-Figueroa, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

The agency did not err in finding that Martinez-Figueroa failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). In his opening brief, Martinez-Figueroa does not challenge the agency's determination that he failed to establish that the harm he fears in Guatemala would be on account of a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, his withholding of removal claim fails.

We lack jurisdiction to consider the proposed social groups that Martinez-

2                                                                15-72618

Figueroa raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We also lack jurisdiction to consider Martinez-Figueroa's contentions concerning CAT relief that he failed to raise to the agency, see *id.,* and Martinez-Figueroa does not contend the BIA erred in finding that his CAT claim was not properly before it. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**